IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

QUINN RICKERT,
  Plaintiff,

v.

CHASE BANK,
  Defendant.

Case No. 1:17-CV-01483-JES-JEH

SCANNED at PCC and E-Mailed
11-06-17 (date) by XP (initials)
  8   (# of pages)

AMENDED COMPLAINT

I. INTRODUCTION

1. This is a suit filed by Quinn Rickert, a state of Illinois prisoner, for damages, alleging Chase Bank commited the tort of negligence under the law of the State of Illinois by not responding to Plaintiff's letters for access to account statements and other information that Plaintiff required to pay off the account He has with Defendant. Defendant never responded to Plaintiff's letters, resulting in a negative credit score and emotional injury inflicted upon Plaintiff.

II. JURISDICTION AND VENUE

2. This is a civil action authorized by 28 U.S.C. Section 1332 to redress a state of Illinois negligence law claim between citizens of different states. In this case Plaintiff is a citizen of the State of Wisconsin because that is the state Plaintiff lived in before being imprisoned, See: Sullivan v. Freeman, 944 F. 2d 334, 337 (7th Cir. 1991) and Plaintiff has formed an intention of living in the State of Wisconsin upon His release from prison, See: Smith v. Cummings, 445 F. 3d 1254, 1260 (10th Cir. 2006). Defendant Chase Bank is a corporation that was incorporated in the State of Delaware, and Defendant's principal Place of business is New York City, New York. The matter in controversy in this case exceeds $75,000.

3. The Central District of Illinois is an appropriate venue under 28 U.S.C. Section 1391 because it is where the events giving rise to this claim occurred.

(1)

## III. PARTIES

4. Plaintiff Quinn Rickert, is and was at all times mentioned herein a prisoner of the State of Illinois in the custody of the Illinois Department of Corrections. He is currently confined in the Pontiac Correctional Center, in Pontiac, Illinois.

5. Defendant Chase Bank is a corporation that operates a credit line account for Plaintiff.

## IV. FACTS

6. On October 28, 2016, the plaintiff became incarcerated in the Illinois Department of Corrections, and has a release date of October 19, 2018.

7. Prior to incarceration plaintiff accumulated debt on the credit line account 5631 that He has with Defendant Chase Bank, with the full intent to pay the credit line off and keep His credit report in good standing. See Plaintiff's Credit File: Exhibit A.

8. Plaintiff wrote a letter to Defendant as soon as He had the ability to do so on December 8, 2016 from His place of incarceration Pontiac Correctional Center, informing Defendant that Plaintiff needed the proper account information to pay the bill that Plaintiff owed Defendant, so as to prevent any harm from being done to Plaintiff's credit report, and prevent Plaintiff from experiencing mental anguish over the thought of the unpaid bill. Plaintiff also informed Defendant of His status as a prisoner in the letter and that Plaintiff would need all information sent to Him via mail. That letter is attached as Exhibit B.

9. Plaintiff wrote a second and final letter to Defendant on April 10, 2017. In that second letter Plaintiff demanded that Defendant send the proper information that Plaintiff needed to pay off the account Plaintiff has with Defendant, because Plaintiff had never received any response to the first letter that Plaintiff had sent to Defendant. Plaintiff also informed the Defendant in the second letter that Plaintiff's credit report was being negatively impacted and that Plaintiff was experiencing emotional injury due to the negligent conduct of Defendant failing to provide proper account information that they owed to their customer Plaintiff. That second letter is attached as Exhibit C.

(2)

10. To the date of this complaint Defendant has mailed no information to Plaintiff their customer regarding the account that needs to be payed. As a result of Defendant's negligent failure to mail proper account information that they owe to Plaintiff their customer, Plaintiff's credit report has suffered significant damage and Plaintiff has suffered much emotional injury over this whole matter. Plaintiff's credit report is attached as Exhibit A.

11. Also as a result of Defendant's negligence in this matter, upon Plaintiff's October 19, 2018 release from the Illinois Department of Corrections, He will be unable to obtain a line of credit. All due to Defendant's failure to mail the proper account information to their customer Plaintiff, so that Plaintiff had proper information to make the required payment on His account.

## V. LEGAL CLAIMS

12. Defendant's conduct stated throughout this complaint constitutes the tort of negligence under the laws of the State of Illinois.

   a. Defendant owed their customer Plaintiff proper account information through the mail, so that Plaintiff had the ability to make payment on what He owed.

   b. Defendant failed to uphold their duty to provide the proper account information to their customer Plaintiff by mail.

   c. The Defendant's breach of duty has caused emotional injury to Plaintiff and damage to Plaintiff's credit report.

   d. The damage caused by Defendant's negligence is within the scope of Defendant's duty.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this Court enter judgment:

13. Granting Plaintiff Quinn Rickert a declaration that the acts and omissions described herein constitutes the tort of negligence under the laws of the State of Illinois, and

14. Granting Plaintiff Quinn Rickert compensatory damages in the amount of $100,000 against Defendant Chase Bank for the emotional injury and damage to Plaintiff's credit report resulting from Defendant's failure to provide account information that was required to Plaintiff, and

15. Plaintiff Quinn Rickert also seeks recovery of attorney fees and costs in this suit, and

(3)

16. Any additional relief this court deems just, proper, and equitable.

Dated: November 3, 2017

    Respectfully submitted,
    Quinn Rickert
    M38296
    P.O. Box 99
    Pontiac, IL 61764-0099

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Pontiac, Illinois on November 3, 2017

_Quinn D. Rickert_
Quinn Rickert



File Number: [redacted]
Date Issued: 03/29/2017

Exhibit A

-Begin Credit Report-

## Personal Information

SSN: XXX-XX-4596

You have been on our files since 12/23/2011
Date of Birth: [redacted]/1993

**Names Reported:** QUINN D. RICKERT and QUINN DAVID RICKERT

**Addresses Reported:**

| Address | Date Reported | Address | Date Reported |
|---|---|---|---|
| [redacted], ELGIN, IL [redacted] | 12/23/2011 | [redacted] OAK FR, WATERFORD, WI [redacted] | 11/23/2011 |
| [redacted], ELGIN, IL [redacted] | 11/03/2013 | | |

**Telephone Numbers Reported:**
[redacted]   [redacted]

## Account Information

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The key(s) below are provided to help you understand some of the account information that could be reported.

**Rating Key**
Some creditors report the timeliness of your payments each month in relation to your agreement with them. The ratings in the key below describe the payments that may be reported by your creditors. Any rating that is shaded indicates that it is considered adverse. Please note: Some but not all of these ratings may be present in your credit report.

| N/R | X | OK | 30 | 60 | 90 | 120 | COL | VS | RPO | C/O | FC |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

**Remark Key**
Additionally, some creditors may notate your account with comments each month. We refer to these creditor comments as "Remarks". The key below gives the descriptions of the abbreviated remarks contained in your credit file. Any remark containing brackets ›‹ indicates that this remark is considered adverse.

CBG   CLOSED BY CREDIT GRANTOR

## Adverse Accounts

**CHASE/BANK ONE CARD SERV** #[redacted]**** ([redacted] WILMINGTON, DE [redacted])

| | |  | | |
|---|---|---|---|---|
| Date Opened: | 05/04/2016 | Date Updated: | 03/05/2017 | Pay Status: ›Account 120 Days Past Due Date‹ |
| Responsibility: | Individual Account | | | Terms: $162 per month, paid Monthly |
| Account Type: | Revolving Account | | | Date Closed: 11/01/2016 |
| Loan Type: | FLEXIBLE SPENDING CREDIT CARD | | | ›Maximum Delinquency of 120 days in 01/2017 for $553 and in 03/2017 for $950‹ |

Credit Limit: Credit limit of $5,000 from 06/2016 to 03/2017
Estimated month and year that this item will be removed: 08/2023

| | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 |
|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $6,186 | $6,085 | $5,939 | $5,795 | $5,659 | $5,521 | $5,389 | $1,092 | $0 | $0 |
| Scheduled Payment | $162 | $207 | $203 | $194 | $193 | $187 | $148 | $25 | $0 | $0 |
| Amount Paid | | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Past Due | $950 | $747 | $553 | $360 | $360 | $173 | $0 | $0 | $0 | $0 |
| High Balance | $6,186 | $6,085 | $5,939 | $5,795 | $5,659 | $5,521 | $5,389 | $1,092 | $0 | $0 |
| Remarks | CBG | CBG | CBG | CBG | CBG | | | | | |
| Rating | 120 | 120 | 120 | 90 | 60 | 30 | OK | OK | OK | OK |

**KAY JEWELERS** #[redacted] ([redacted] GHENT RD, FAIRLAWN, OH [redacted], (800) 527-8029)

| | | | | | |
|---|---|---|---|---|---|
| Date Opened: | 06/21/2012 | Balance: | $0 | Pay Status: | ›Account 30 Days Past Due Date‹ |
| Responsibility: | Individual Account | Date Updated: | 02/20/2013 | Terms: | Paid Monthly |
| Account Type: | Revolving Account | Payment Received: | $105 | Date Closed: | 12/03/2012 |
| Loan Type: | CHARGE ACCOUNT | Last Payment Made: | 01/29/2013 | Date Paid: | 01/29/2013 |
| | | High Balance: | $342 | ›Maximum Delinquency of 30 days in 12/2012 for $70 and in 02/2013‹ | |
| | | Credit Limit: | $342 | | |

Remarks: CLOSED BY CREDIT GRANTOR; CLOSED
Estimated month and year that this item will be removed: 05/2019

| | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 | 06/2012 |
|---|---|---|---|---|---|---|---|---|
| Rating | OK | 30 | OK | OK | OK | OK | OK | OK |

To dispute online go to: http://transunion.com/disputeonline

(5)

P 6SNCW-002 00533-I004081 03/08

# experian

## Your accounts that may be considered negative

The most common items in this section are late payments, accounts that have been charged off or sent to collection, bankruptcies, liens, and judgments. It also may contain items that are not necessarily negative, but that a potential creditor might want to review more closely, such as an account that has been settled or transferred. This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies, which may remain for up to 10 years. Unpaid tax liens may remain for up to 10 years from the filing date, and paid tax liens may remain for up to seven years from the filing date. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

## Credit items

### CHASE CARD
WILMINGTON DE

**Phone number**
**Partial account number**
**Address identification number**

| | | |
|---|---|---|
| **Date opened** May 2016 | **Type** Credit Card | **Credit limit or original amount** $5,000 | **Recent balance** $6,186 as of Mar 2017 | **Responsibility** Individual |
| **First reported** Jun 2016 | **Terms** Not reported | **High balance** $6,186 | **Status** Closed. $950 past due as of Mar 2017. |
| **Date of status** Nov 2016 | **Monthly payment** $162 | | **Comment:** Account closed at credit grantor's request. |

### Payment history

| | 2017 | | | 2016 | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | | | |
| 180 | 150 | 120 | 90 | 60 | 30 | OK | OK | OK | OK | OK | | | |

| | Feb17 | Jan17 | Dec16 | Nov16 | Oct16 | Sep16 | Jul16 | Jun16 |
|---|---|---|---|---|---|---|---|---|
| **AB** | 6,085 | 5,939 | 5,795 | 5,659 | 5,521 | 5,389 | 0 | 0 |
| **DPR** | ND | ND | ND | ND | ND | ND | ND | ND |
| **SPA** | 207 | 203 | 194 | 193 | 187 | 148 | ND | ND |
| **AAP** | ND | ND | ND | ND | ND | ND | ND | ND |

Between Jun 2016 and Feb 2017, your credit limit/high balance was $5,000.

**Account history** - If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND: No Data.

**AB** = Account balance ($)  **DPR** = Date payment received  **SPA** = Scheduled payment amount ($)  **AAP** = Actual amount paid ($)

### Payment history legend

| | |
|---|---|
| OK | Current/Terms of agreement met |
| 30 | Account 30 days past due |
| 60 | Account 60 days past due |
| 90 | Account 90 days past due |
| 120 | Account 120 days past due |
| 150 | Account 150 days past due |
| 180 | Account 180 days past due |
| CRD | Creditor received deed |
| FS | Foreclosure proceedings started |
| F | Foreclosed |
| VS | Voluntarily surrendered |
| R | Repossession |
| PBC | Paid by creditor |
| IC | Insurance claim |
| G | Claim filed with government |
| D | Defaulted on contract |
| C | Collection |
| CO | Charge off |
| CLS | Closed |
| ND | No data for this time period |



December 8th 2016

Chase Bank
~~[redacted]~~
Wilmington, DE ~~[redacted]~~

RE: Account Number ~~[redacted]~~ 5631

Chase Bank,

    I am writing you regarding the above referenced credit card account. I am the owner of this account, and to verify that My Social Security Number is ~~[redacted]~~-4596 and My birthday is ~~[redacted]~~-1993. On 10-28-2016 I was sent to prison unexpectedly and without any prior notice or warning to Me. I am aware that I owe You money on this account, and I want to work out an agreement with You on how I will send You the money to pay it. I am very worried about the continued damage to My credit report that this account will inflict. I will not be released from prison until 10-19-2018. Currently mail is the only form of communication that I have access to here in prison. Please send Me account statements regarding My account with You for the last 6 months and all information that I will need to pay the full balance off or make the proper payment as to not negatively impact My credit score.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

12-8-2016
Sincerely,

*Quinn D. Rickert*
Quinn Rickert
M38296
~~[redacted]~~
Pontiac, IL ~~[redacted]~~

(7)

Exhibit C

Chase Bank

Wilmington, DE

4-10-2017

RE: Account Number ▓▓▓▓5631

Chase Bank,

    I am writing You regarding the above referenced credit card account. I am the owner of this account, and to verify that My Social Security Number is ▓▓▓-4596 and My birthday is ▓▓-1993. This is My second and final letter to Your bank inquiring about how I can pay off My account with You. My previous letter to You was mailed 12-8-2016 and Your company never responded or even provided the statements of My account that I asked for. I recently received My credit report in the mail, and My credit reputation is being destroyed because You won't let Me pay My bill with You, or provide Me the proper statements regarding My account with You. Please send Me the information, because I have been so stressed out about the damage this unpaid bill is inflicting upon My credit report. Prison is causing enough stress and mental anguish to Me, and Your company is greatly contributing to causing even more. I hope You respond to this letter otherwise I will go to the courts for Justice.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

4-10-2017

Sincerely,

Quinn D. Rickt
Quinn Rickert
M38296
Pontiac, IL

(8)